# Ellis *v*. Miller, Treasurer, &c. *et al.*

### *Action upon Bond of County Treasurer.*

1. *Constitutional law; act providing for payment of witness fees in Walker county constitutional.*—The act approved December 7, 1900, entitled "An act to authorize and require the commissioners court of Walker county to set apart and appropriate money from the general fund of said county with which to pay and discharge certificates of State witnesses hereafter issued by the foreman of the grand jury and by the clerk of the circuit or county court of said county," etc. (Acts of 1900-1901, p. 154), is not unconstitutional and void as being violative of section 2, Article IV of the Constitution of 1875, which was in force at the time of its passage.

APPEAL from the Law and Equity Court of Walker County.

Tried before the Hon. PEYTON NORVELL.

This action was brought by the appellant, Richard M. Ellis, against the appellee, E. W. Miller, as treasurer of

the county of Walker, and the sureties on his official bond. The purpose of the suit is sufficiently stated in the opinion.

The act of the legislature under which recovery is sought in this case was set out *in extenso* in the complaint, and several breaches by the defendant Miller in failing to pay certain witness fees upon presentation is alleged in the complaint.

The defendant demurred to the complaint upon several grounds, the principal ground being that the act of the legislature was unconstitutional for two reasons: (1) The body of the act does not conform to its caption, in that the caption provides for the payment of fees which are charges against the fine and forfeiture fund of said county, while the body of the act provides for the payment of all State witness claims whether they are chargeable against the fine and forfeiture fund or not; (2) the caption of the act expresses two subjects.

The court sustained the demurrer interposed by the defendant to the complaint, and the plaintiff, declining to plead further, judgment was rendered for the defendant. From this judgment the plaintiff appeals, and assigns as error the ruling of the court in sustaining the demurrer to the complaint.

DAVIS & RAY, for appellant, cited Constitution of 1875, Article IV, § 2; *Ballentyne v. Wickersham*, 75 Ala. 533; *State v. Hartford Ins. Co.*, 99 Ala. 225; *Fox v. McDonald*, 101 Ala. 52; *Ex parte Pollard*, 40 Ala. 95; *Scruggs v. State*, 111 Ala. 60.

COLEMAN & BANKHEAD, *contra.*—If the caption of an act expresses two minor subjects it is unconstitutional, although a subject could have been selected broad enough to cover both subjects.—*Ballentyne v. Wickersham*, 75 Ala. 54.

Where two subjects are expresed in the title and both are embraced in the body of the act, the whole act must be treated as void.—*B. & P. Supply Co. v. Lucas*, 119 Ala. 202.

[Ellis v. Miller, Treasurer, etc., *et al.*]

SHARPE, J.—This was an action on the bond of the county treasurer, the breach being a failure or refusal of that officer to pay fees of certain witnesses according to the provisions of an act approved December 7th, 1900 (Acts, 1900-1901, p. 154), entitled "An act to authorize and require the commissioners' court of Walker county to set apart and appropriate money from the general fund of said county with which to pay and discharge certificates of State witnesses hereafter issued by the foreman of the grand jury and by the clerk of the circuit or county court of said county, fees which by law become a good claim against the fine and forfeiture fund of said county, after the approval of this act and to regulate the manner of said payments and to fix the amount of said witness fees."

As appears from the argument and briefs of counsel, plaintiff's right to maintain the action under his complaint as amended is not seriously questioned by defendants except upon the supposition that the act referred to is offensive to section 2 of article IV of the constitution of 1875. We are of the opinion that the act does not so offend the constitution and that the demurrer to the complaint was improperly sustained. The general purpose of the act is to make provision for the payment of persons who may attend as witnesses in behalf of the State in criminal cases. The fixing of the fees to be paid such witnesses as well as the several provisions made for the creation of a fund with which to pay them are each cognate to and within the scope of that general purpose. Fees which accrue to witnesses attending the grand jury may under the general law become a good claim against the fine and forfeiture fund.—*Scruggs v. State,* 111 Ala. 63. Hence such fees as well as fees accruing to witnesses attending for the State in the trial of criminal cases are comprehended in the caption of the act.

The judgment will be reversed and the cause remanded.